MING HUA LI, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 06–2150–ag.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2007.

Lorance Hockert, New York, NY, for Petitioner.

David Kustoff, United State Attorney for the Western District of Tennessee, Christopher E. Cotten, Assistant United States Attorney, Memphis, TN, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Hua Li, a native and citizen of China, seeks review of an April 6, 2006 order of the BIA affirming the November 19, 2004 decision of Immigration Judge ("IJ") Noel Ferris denying petition-er's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and finding that Li filed a frivolous asylum application. *In re Ming Hua Li,* No. A77 293 734 (B.I.A. Apr. 6, 2006), *aff'g* No. A77 293 734 (Immig. Ct. N.Y. City Nov. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Contrary to respondent's assertion, Li's petition for review is not untimely. Li's petition for review was due 30 days after the BIA's final order was entered. *See* 8 U.S.C. § 1252(b)(1). Because the 30th day fell on a Saturday, Li had until the following Monday, May 8, 2006, to file a timely petition for review. *See Jones & Laughlin Steel Corp. v. Gridiron Steel Co.,* 382 U.S. 32, 32, 86 S.Ct. 152, 15 L.Ed.2d 26 (1965); *see also* Fed. R.App. P. 26(a)(3).

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See Twum v. I.N.S.,* 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. U.S. I.N.S.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ's adverse credibility finding was supported by substantial evidence. Li submitted fabricated documents to the IJ in support of his asylum application. The submission of a fraudulent document may support an adverse credibility finding where that document goes to the heart of an asylum claim. *See Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006). The fraudulent documents served to prove central elements of Li's claim that he was married and that his wife had been persecuted. Substantial evidence supports the

IJ's decision to reject Li's explanation that his attorney told him to procure a fraudulent marriage certification because a reasonable fact-finder would not be compelled to accept it. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Other findings supported the IJ's adverse credibility determination, as well. The IJ reasonably based the credibility determination on Li's testimony regarding his detention in China. Because Li's detention would have been a significant part of the harm he and his family suffered for violating the family planning policy, Li's failure to mention this incident at any point before the hearing was relevant to his credibility. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005) (per curiam). In light of Li's portrayal of the severity of the family planning policy, the IJ did not err in determining that Li's testimony regarding his wife's IUD checkups was implausible. In addition, the IJ correctly noted that Li stated for the first time at his hearing that he had medical documentation to prove his wife's sterilization. Because this corroborating evidence would have been highly relevant to Li's claims for relief, the IJ was reasonable in questioning his credibility when he only proffered this evidence at his hearing. Lastly, the IJ was reasonable in questioning Li's veracity when he failed to mention in any of his written statements that he was in hiding for one year before fleeing China because it was another example of Li's repeated changes to his story. *Id.*

■ As a result, the IJ did not err in denying Li's asylum claim on adverse credibility grounds. Because Li does not make any arguments challenging the denial of his withholding of removal or CAT claims in his brief to this court, those claims are waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

■ Because Li's brief to this court did not explicitly raise any challenge to the IJ's finding that he filed a frivolous asylum application, that claim is waived. *Id.* Finally, Li's argument that the IJ demonstrated bias during the hearing and failed to provide him with fair proceedings is without merit.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.